Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5091 | **DATE** | 8/25/2000 |
| **CASE TITLE** | Doretha White DeGraffenreid vs. Edelman Public Relations | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reason stated in this memorandum opinion and order, the Application is denied and both the Complaint and this action are dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | AUG 28 2000 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | |
| SN | courtroom deputy's initials | 00 AUG 28 PM 2:16 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DORETHA WHITE DeGRAFFENREID, )
)
Plaintiff, )
)
v. ) No. 00 C 5091
)
EDELMAN PUBLIC RELATIONS, )
)
Defendant. )

MEMORANDUM OPINION AND ORDER

Doretha White DeGraffenreid ("DeGraffenreid") has tendered a self-prepared Complaint of Employment Discrimination against her former employer Edelman Public Relations ("Edelman")--"self-prepared" in the sense that DeGraffenreid has used the form provided by this District Court Clerk's Office for use in such cases brought by pro se litigants, filling in the form's blanks with handwritten entries. DeGraffenreid has accompanied her Complaint with an Application To Proceed Without Prepayment of Fees ("Application," again using a Clerk provided form, this time prescribed by the Administrative Office of the United States Courts). For the reason stated in this memorandum opinion and order, the Application is denied and both the Complaint and this action are dismissed.

It is not that DeGraffenreid fails to qualify for in forma pauperis status in financial terms: Despite her having been employed by Edelman until last month (Application ¶2.b), the other information in the Application appears to demonstrate her

inability to pay the $150 filing fee. Instead DeGraffenreid's problem is her failure to satisfy the other branch of the in forma pauperis inquiry: the need for her to have stated a non-"frivolous" claim in the legal sense defined in <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) and reconfirmed in <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).

Complaint ¶8(b) reflects DeGraffenreid's receipt of EEOC's right-to-sue letter on May 18, 2000. And the "NOTICE OF SUIT RIGHTS" section of that letter (a heading in boldface capital letters) expressly placed DeGraffenreid on notice of the time limit prescribed by Congress in 42 U.S.C. §2000e-5(f)(1). Here is the notification, which was also entirely in boldface and which contained the capital letters and underlining reproduced here:

> If you decide to sue you must sue <u>WITHIN 90 DAYS</u> from your receipt of this Notice; otherwise your right to sue is lost.

Yet DeGraffenreid did not present her Complaint and related documents to the Clerk's Office until August <u>18</u>, 2000--that is shown not only by the Clerk's Office date stamp but also by DeGraffenreid's own handwritten dating of the Civil Cover Sheet. That was the 92$^d$ day after she had received the right-to-sue letter, and the uniform teaching of the cases is that when the statute says 90 days it means exactly that--see, e.g., such cases as <u>Anooya v. Hilton Hotels Corp.</u>, 733 F.2d 48, 49 (7th Cir. 1984) (per curiam), <u>Wilson v. Doctors Hosp. of Hyde Park</u>, 909 F.Supp.

2

580, 581 (N.D. Ill. 1996) and other cases cited and referred to in those decisions.

It has always been a mystery to this Court why any litigant would take the chance of waiting even to the last possible day to head down to the Dirksen Building, let alone of letting the clearly prescribed deadline pass without acting.[1] And of course the EEOC's notification spoke expressly and plainly of "90 days" and not of "three months," which would seem to be the only potential (and clearly mistaken) predicate that could have occasioned DeGraffenreid's tardy submission.

Ordinarily the denial of in forma pauperis status is accompanied by giving a plaintiff an opportunity to pay the filing fee. Here that would simply amount to a waste of money, for the fatal delay occurred before DeGraffenreid ever tendered her papers and cannot be cured by any action hereafter. Accordingly, as stated at the outset, this Court denies the Application and dismisses the Complaint and this action.

                                     _____
                                     Milton I. Shadur
Date: August 25, 2000     Senior United States District Judge

---

[1] It is not as though DeGraffenreid were unlettered. According to her EEOC Charge of Discrimination, she worked at Edelman as Accounts Receivable Coordinator, and she says that she was responsible there for training each person in the Collections Department, the Director of Finances, the temporary Accounts Receivable Manager, the permanent Accounts Receivable Manager and each temporary employee brought into the Accounts Receivable and Collections departments.